E-FILED
Monday, 09 June, 2014 02:48:26 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JEROME L. JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 13-cv-1539 |
| MICHAEL MCCOY, and DAVE CHENEY, | ) ) ) ) | |
| Defendants. | ) | |

# O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 15). Defendant argues Plaintiff failed to exhaust the administrative remedies available to him, and seeks to have his claim dismissed. Plaintiff filed a Response (Doc. 19), and Defendant filed a Reply (Doc. 20). For the reasons stated below, this Motion is denied.

**PROCEDURAL HISTORY**

Plaintiff, a prisoner proceeding pro se, alleges Defendant Cheney failed to protect him from an attack by other inmates while in Defendant's custody, in violation of his constitutional rights. In its Merit Review, the Court determined that Plaintiff did not state a claim against Defendant McCoy, and he was dismissed from the case. (Doc. 10 at 2). Defendant Cheney filed the present Motion for Summary Judgment on the question of whether Plaintiff has properly exhausted his claim. Merits discovery has been stayed until this preliminary matter is resolved.

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences drawn from the facts must be construed in favor of the non-movant. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011). If the evidence on record could not lead a reasonable fact-finder to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997).

## RELEVANT FACTUAL BACKGROUND[1]

Plaintiff's Complaint was filed on November 18, 2013. (Doc. 1). In it, he alleges that on August 26, 2013, Defendant Cheney was responsible for transporting Plaintiff, in custody at the Peoria County Jail, to and from a court hearing. He alleges Defendant failed to protect him by keeping him away from other inmates even though he knew of a risk of attack, and he was attacked as a result. In his Complaint, Plaintiff made a note that he was not given a grievance form, but that he filled out a request slip, and this grievance "was never responded to" and never returned to him. (Doc. 1 at 3-4).

---

[1] The facts are drawn from Plaintiff's Response to the extent it asserts facts. As Defendant did not file a statement of undisputed material facts, the Court construes other undisputed facts to the extent possible. All inferences are drawn in Plaintiff's favor.

In the Motion for Summary Judgment, Defendant points to the grievance procedure available to inmates at the Peoria County Jail, which includes an appeal process if an inmate is not satisfied with a response to a grievance. (Doc. 15 at 3). Defendant argues that because Plaintiff failed to file an appeal, he did not properly exhaust his remedies. An affidavit, not cited in the Motion, also states that records show no complaints were filed by Plaintiff about the incident. (Doc. 15 at 6).

Plaintiff, in his Response, states that he attempted to verbally inform employees at Peoria County Jail about his complaint, and attempted verbally and in writing to obtain a grievance form, but was not given one. He also states that he attempted to submit a grievance on regular writing paper, but received no response. He claims he could not appeal because he did not receive a response. (Doc. 19 at 1-2).

## DISCUSSION

A prisoner filing suit under 42 U.S.C. § 1983, complaining of prison conditions, can only proceed if "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This includes failure to protect claims. *See, e.g.*, *Dixon v. Page*, 291 F.3d 485, 486-87 (7th Cir. 2002). To exhaust available administrative remedies, the prisoner "must follow the rules governing filing and prosecution of a claim." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Jones v. Bock*, 549 U.S. 199, 218 (2007). However, if prison officials fail to respond to a grievance, there are no administrative remedies available to exhaust. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). The failure to exhaust administrative remedies is an

3

affirmative defense, and the burden of proof rests on Defendants. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

Taking Plaintiff's assertions in his Response as true, Plaintiff has alleged facts that create a genuine issue of material fact as to whether Plaintiff exhausted the administrative remedies available to him. Plaintiff asserts that he asked for a proper form, but was not given one. He also asserts that he filed a grievance on plain paper, but never received a response. When no response is received, there are no remedies to exhaust. *See Lewis*, 300 F.3d at 833. Thus, if Plaintiff's assertions are true, he has exhausted the administrative remedies available to him. Accordingly, summary judgment is not appropriate, as there is a dispute of material fact.

Defendant argues that a party's conflicting subsequent statement cannot create a genuine dispute of material fact, and that thus Plaintiff's statement in his Response that contradicts his Complaint cannot defeat summary judgment. Although the details of his allegations related to exhaustion differ slightly between the Complaint and his Response to the pending Motion, the contradiction is only a relatively minor and immaterial detail—whether he filed a complaint on a request slip or on regular writing paper. In all material aspects, his allegations are consistent: He claims that he was not given a proper grievance form despite his requests, so had to file his grievance in another form, and that he did not receive a response after he submitted it. The inconsistency in the details may hurt his credibility at the evidentiary hearing, but does not mean he cannot defeat summary judgment. Whether he filed a grievance on a request slip or plain paper, if the rest

of his allegations are true, he has exhausted the available administrative remedies, and this factual dispute precludes summary judgment.

Before this case can proceed on the merits, however, the Court must decide the exhaustion issue. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). To do so, the Court must hold an evidentiary hearing to determine whether Plaintiff did, in fact, properly exhaust the administrative remedies available to him. *See id.* Accordingly, a *Pavey* hearing is tentatively set for July 16, 2014, at 2:00 P.M. A telephone status conference will be held on June 16, 2014, at 3:00 P.M. to determine any discovery needs of the parties, and to identify any potential witnesses for the *Pavey* hearing. The Clerk is to issue a writ for the Plaintiff's participation in the telephone status conference.

## Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. 15) is DENIED. A telephone status conference is SET for June 16, 2014, at 3:00 P.M., and a *Pavey* hearing is SET for July 16, 2014, at 2:00 P.M. The Clerk is DIRECTED to issue a writ for Plaintiff's participation in the telephone status conference on June 16, 2014, at 3:00 P.M.

Entered this 9th day of June, 2014.

                                                                        s/ Joe B. McDade
                                                                       JOE BILLY McDADE
                                          United States Senior District Judge